**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **ROBERT B. KUGLER** | MITCHELL H. COHEN U.S. COURTHOUSE |
| **UNITED STATES DISTRICT JUDGE** | 1 John F. Gerry Plaza – Room 6040 |
| | Camden, NJ   08101 |
| | 856-757-5019 |

July 24, 2015

Michael E. Riley, Esq.
RILEY & RILEY
The Washington House
100 High Street – Suite 302
Mt. Holly, NJ   08060

Re:   United States v. Nicodemo S. Scarfo, et al
      Criminal No. 11-740 (RBK)

Dear Mr. Riley:

I have your letter of July 23, 2015.   Your request for leave to file additional motions is denied.   To put this in context, your application is document 1280.   A cursory review of the docket sheet will show the court considered and decided an extraordinary number of written motions.   Additionally, there were uncounted oral motions made before, during and after trial.   So I reject any suggestion that this court unfairly refused to address important legal issues.

Turning to the specific requests:

1.   <u>Reconsideration of Motions for Subpoenas.</u>   You provide no basis for any reconsideration.   Rather you want to simply continue arguing points made and rejected during trial by Mr. Pelullo's counsel and then by you more recently.   There was no <u>new</u> information in the Velez Declaration which impacts the subpoena issue in any way.   Moreover, you (and other defendants and counsel) had the Velez Declaration sufficiently in advance of oral argument (7days) that you (and the others) could have raised any challenges to it (and the D'Aguanno Declaration) at that time.   My challenge to you (and other defense counsel) to demonstrate any inaccuracies in the Declaration was met with a deafening silence.   You had the opportunity but were unable to demonstrate that the subpoenas would reveal any relevant information.

2.   <u>Motion for a New Trial.</u>   Any such motion is probably untimely.   Defense counsel have been aware of the so-called "Pelullo file" since early May of 2015.   It is not clear if defense counsel knew of the Botsvynyuk investigation/trial.   We thoroughly explored the 21 documents in your briefs and during oral argument on July 17, 2015.   There is nothing

in those 21 documents that implicate any of the people you name (including the Pelullos) in any "use of indentured servitude [sic]."   Nothing.   I have no idea what in the filings of the government or Mr. Pelullo you are referring to.   But I read, studied, and considered <u>everything</u> that was filed by anybody on these issues.   Moreover, by acknowledging you have "thousands of pages of materials directly tied to a concurrent investigation involving human trafficking" in the Rule 16 discovery you might support my suspicions that any such motion is untimely.

3.   <u>Motion to Dismiss the Violation of Supervised Release.</u>   I assume you refer to <u>United States v. Merlino</u>, 785 F.3d 79 (3d Cir. 2015).   Either the petition and warrant were timely issued or they weren't.   We can easily resolve this at the hearing.   No written motion is helpful or necessary.

4.   <u>Motion to Postpone Sentencing.</u> As neither of your first two proposed motions have any merit, and the third one will be resolved (if raised) at the hearing on July 28, 2015, there is no reason for a postponement.

This court has considered and addressed the issues raised by the alleged <u>Brady</u> violation. Defendant's remedy (if any) is an appeal to The United States Court of Appeals for the Third Circuit.   If unsuccessful there, he obviously has the right to seek <u>certiorari</u> with the United States Supreme Court.

I will not address these issues any further.

                     Very truly yours,

                     <u>s/Robert B. Kugler</u>
                     ROBERT B. KUGLER
RBK:mg              United States District Judge
cc:   All Counsel