# UNITED STATES DISTRICT COURT
## District of New Jersey

UNITED STATES OF AMERICA

v.                                                    Case Number   1:11-CR-00740 (01)

NICODEMO S. SCARFO

Defendant.

### AMENDED JUDGMENT (AS TO FORFEITURE ONLY) IN A CRIMINAL CASE
(For Offenses Committed On or After November 1, 1987)

The defendant, NICODEMO S. SCARFO, was represented by Michael E. Riley Esq.

The defendant was found guilty on count(s) 1, 2, 3, 4-19, 20-25 by a jury verdict on July 3, 2014 after a plea of not guilty. Accordingly, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date of Offense | Count Number(s) |
|---|---|---|---|
| 18:1962(d) | Racketeering Conspiracy | In or about June 2007 | 1 |
| 18:371 [contrary to 15:78j(b) & 78ff] | Conspiracy to Commit Securities Fraud | From in or about April 2007 through in or about May 2008 | 2 |
| 18:1349 [contrary to 18:1343] | Conspiracy to Commit Wire Fraud | From in or about April 2007 through in or about May 2008 | 3 |
| 18:1343 | Wire Fraud | On or about 7/3/07 to 4/2/08 | 4-19 |
| 18:1956(h)[contrary to 18:1956(a)(1)(B)(1) & 1957(a)] | Conspiracy to Commit Money Laundering | From in or about December 2007 through in or about March 2008 | 20 |
| 18:1349 [contrary to 18:1344] | Conspiracy to Commit Bank Fraud | From in or about December 2007 through in or about March 2008 | 21 |
| 18:371 [contrary to 18:1014] | Conspiracy to Make False Statements | From in or about January 2008 through in or about March 2008 | 22 |
| 18:1512(k)[contrary to 18:1512(b)(3) & 1512(c)(2)] | Conspiracy to Obstruct Justice | From in or about June 2007 through in or about April 2008 | 23 |

08234

| 18:371[contrary to 18:922(g)(1) & 922(d)(1)] | Conspiracy to Possess a Firearm by a Convicted Felon | From in or about September 2007 through in or about May 2008 | 24 |
| --- | --- | --- | --- |
| 18:922(g)(1) | Possession of a Firearm by a Convicted Felon | On or about May 8, 2008 | 25 |

As pronounced on July 28, 2015, the defendant is sentenced as provided in pages 2 through 7 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant shall pay to the United States a special assessment of $2,500.00, for count(s) 1,2,3,4-19,20,21,22,23,24,25, which shall be due immediately. Said special assessment shall be made payable to the Clerk, U.S. District Court.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

Signed this the \_\_15\_\_ day of August, 2015.

ROBERT B. KUGLER
United States District Judge

08234

AO 245B (Mod. D/NJ 12/06) Sheet 2 - Imprisonment

Judgment – Page 3 of 7

Defendant:     NICODEMO S. SCARFO
Case Number:   1:11-CR-00740 (01)

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 360 Months This sentence consists of 240 months on each of Counts 1, 3-20, and 23; 60 months on each of Counts 2, 22 and 24; 360 months on Count 21, and 120 months on Count 25, all such terms to run concurrently to produce a total term of imprisonment of 360 months.

**The Court makes the following recommendations to the Bureau of Prisons:**

The defendant participate in the Bureau of Prisons Inmate Financial Responsibility Program (FRP).

The defendant shall remain in custody pending service of sentence.

## RETURN

I have executed this Judgment as follows:

_____
_____
_____
_____

      Defendant delivered on _____ To _____
At _____, with a certified copy of this Judgment.

                                          _____
                                          United States Marshal

                                          By _____
                                             Deputy Marshal

AO 245B (Mod. D/NJ 12/06) Sheet 3 - Supervised Release

Judgment – Page 4 of 7

Defendant: NICODEMO S. SCARFO
Case Number: 1:11-CR-00740 (01)

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of 5 years. This term consists of terms of 3 years on each of Counts 1-20 & 22-25, and a term of 5 years on Count 21, all such terms to run concurrently.

Within 72 hours of release from custody of the Bureau of Prisons, the defendant shall report in person to the Probation Office in the district to which the defendant is released.

While on supervised release, the defendant shall comply with the standard conditions that have been adopted by this court as set forth below.

The defendant shall submit to one drug test within 15 days of commencement of supervised release and at least two tests thereafter as determined by the probation officer.

If this judgment imposes a fine, special assessment, costs, or restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine, assessments, costs, and restitution that remains unpaid at the commencement of the term of supervised release and shall comply with the following special conditions:

### PROHIBITIONS ON GANG/CRIMINAL ASSOCIATIONS

You shall refrain from associating with, or being in the company of, any members of any street gang, outlaw motorcycle gang, traditional or non-traditional organized crime group, or any other identified threat group. You shall be restricted from frequenting any location where members of said organizations are known to congregate or meet. You shall not have in your possession any item or paraphernalia which has any significance or is evidence of affiliation with said organizations.

### NEW DEBT RESTRICTIONS

You are prohibited from incurring any new credit charges, opening additional lines of credit, or incurring any new monetary loan, obligation, or debt, by whatever name known, without the approval of the U.S. Probation Office. You shall not encumber or liquidate interest in any assets unless it is in direct service of the fine and/or restitution obligation or otherwise has the expressed approval of the Court.

### SELF-EMPLOYMENT/BUSINESS DISCLOSURE

You shall cooperate with the U.S. Probation Office in the investigation and approval of any position of self-employment, including any independent, entrepreneurial, or freelance employment or business activity. If approved for self-employment, you shall provide the U.S. Probation Office with full disclosure of your self-employment and other business records, including, but not limited to, all of the records identified in the Probation Form 48F (Request for Self Employment Records), or as otherwise requested by the U.S. Probation Office.

AO 245B (Mod. D/NJ 12/06) Sheet 3a - Supervised Release

Judgment – Page 5 of 7

Defendant: NICODEMO S. SCARFO
Case Number: 1:11-CR-00740 (01)

## STANDARD CONDITIONS OF SUPERVISED RELEASE

While the defendant is on supervised release pursuant to this Judgment:

1) The defendant shall not commit another federal, state, or local crime during the term of supervision.

2) The defendant shall not illegally possess a controlled substance.

3) If convicted of a felony offense, the defendant shall not possess a firearm or destructive device.

4) The defendant shall not leave the judicial district without the permission of the court or probation officer.

5) The defendant shall report to the probation officer in a manner and frequency directed by the Court or probation officer.

6) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.

7) The defendant shall support his or her dependents and meet other family responsibilities.

8) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.

9) The defendant shall notify the probation officer within seventy-two hours of any change in residence or employment.

10) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute or administer any narcotic or other controlled substance, or any paraphernalia related to such substances.

11) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.

12) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.

13) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.

14) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

15) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

16) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

(17) You shall cooperate in the collection of DNA as directed by the Probation Officer.

(This standard condition would apply when the current offense or a prior federal offense is either a felony, any offense under Chapter 109A of Title 18 (i.e., §§ 2241-2248, any crime of violence [as defined in 18 U.S.C. § 16], any attempt or conspiracy to commit the above, an offense under the Uniform Code of Military Justice for which a sentence of confinement of more than one year may be imposed, or any other offense under the Uniform Code that is comparable to a qualifying federal offense);

(18) Upon request, you shall provide the U.S. Probation Office with full disclosure of your financial records, including co-mingled income, expenses, assets and liabilities, to include yearly income tax returns. With the exception of the financial accounts reported and noted within the presentence report, you are prohibited from maintaining and/or opening any additional individual and/or joint checking, savings, or other financial accounts, for either personal or business purposes, without the knowledge

AO 245B (Mod. D/NJ 12/06) Sheet 3a - Supervised Release

Judgment – Page 6 of 7

Defendant: NICODEMO S. SCARFO
Case Number: 1:11-CR-00740 (01)

and approval of the U.S. Probation Office. You shall cooperate with the Probation Officer in the investigation of your financial dealings and shall provide truthful monthly statements of your income. You shall cooperate in the signing of any necessary authorization to release information forms permitting the U.S. Probation Office access to your financial information and records;

(19) As directed by the U.S. Probation Office, you shall participate in and complete any educational, vocational, cognitive or any other enrichment program offered by the U.S. Probation Office or any outside agency or establishment while under supervision;

(20) You shall not operate any motor vehicle without a valid driver's license issued by the State of New Jersey, or in the state in which you are supervised. You shall comply with all motor vehicle laws and ordinances and must report all motor vehicle infractions (including any court appearances) within 72 hours to the U.S. Probation Office;

---

*For Official Use Only - - - U.S. Probation Office*

Upon a finding of a violation of probation or supervised release, I understand that the Court may (1) revoke supervision or (2) extend the term of supervision and/or modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions, and have been provided a copy of them.

You shall carry out all rules, in addition to the above, as prescribed by the Chief U.S. Probation Officer, or any of his associate Probation Officers.

(Signed) _____
                       Defendant                                   Date

_____
U.S. Probation Officer/Designated Witness         Date

AO 245B (Mod. D/NJ 12/06) Sheet 6 - Restitution and Forfeiture

Judgment – Page 7 of 7

Defendant: NICODEMO S. SCARFO
Case Number: 1:11-CR-00740 (01)

## RESTITUTION AND FORFEITURE

### RESTITUTION

The defendant shall make restitution in the amount of $14,180,798.00. The Court will waive the interest requirement in this case. Payments should be made payable to the **U.S. Treasury** and mailed to Clerk, U.S.D.C., 402 East State Street, Rm 2020, Trenton, New Jersey 08608, for distribution to FirstPlus Financial Group c/o Matthew Orwig, Esq. Chapter 11 Trustee, 2727 North Harwood Street, Dallas, Texas 75201. The amount ordered represents the total amount due to the victim for this loss. The defendant's restitution obligation shall not be affected by any restitution payments made by other defendants in this case, except that no further payments shall be required after the sum of the amounts actually paid by all defendants has fully satisfied this loss. The following defendant(s) in the following case(s) may be subject to restitution orders to the same victim for this same loss:

| | |
|---|---|
| Salvatore Pelullo | Cr. No.: Cr. No.: 11-00740-002 |
| William Maxwell | Cr. No.: Cr. No.: 11-00740-003 |
| John Maxwell | Cr. No.: Cr. No.: 11-00740-004 |
| Cory Leshner | Cr. No.: Cr. No.: 11-00740-006 |
| John Parisi | Cr. No.: Cr. No.: 11-00740-007 |
| Howard Drossner | Cr. No.: Cr. No.: 11-00740-009 |

The restitution is due immediately and shall be paid in monthly installments of no less than $1,000.00, to commence 30 days after release from confinement. If the defendant participates in the IFRP, the restitution shall be paid from those funds at a rate equivalent to $25 every 3 months.

### FORFEITURE

The Court orders forfeiture as set forth in the Court's order dated July 28, 2015.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.