## AFONSO ARCHIE & FOLEY, P.C.
### ATTORNEYS AT LAW

ALBERT M. AFONSO, ESQ. ‡
TROY A. ARCHIE, ESQ.                                      ARCHIE@AAFNJLAW.COM
ERIC R. FOLEY, ESQ. ‡
KERLIN HYPPOLITE, ESQ.

OCTAVIA MELENDEZ, J.S.C. (RET.)
      *SPECIAL COUNSEL*

‡ ALSO MEMBER OF PA BAR                                   May 5, 2021

**Via PACER/ECF**
Honorable Robert B. Kugler
United States District Judge
Mitchell Cohen Courthouse
Fourth and Cooper Street
1 John F. Gerry Plaza
Camden, NJ 08102

    **Re:**   *United States v. Salvatore Pelullo, et al*
               **Appeal No. 15-2826 & 19-1398**
               **Criminal No. 11-740**

Dear Judge Kugler:

    As the Court is aware, the undersigned represents Salvatore Pelullo in the above referenced matter(s). As the Court is further aware Mr. Pelullo has been confined in FDC Philadelphia on writ by the government since the Farrell remand and by consent of the government after the conflict hearing involving myself and up until Pelullo's Reply to the Appellee's brief which is now due on May 6, 2021.

    I am respectfully requesting that Mr. Pelullo remain in FDC Philadelphia because there are several unresolved pending matters before the Third Circuit. I expect the Third Circuit to rule on the pending motions prior to Oral arguments presently scheduled for the week of July 5th 2021. Specifically, on October 2, 2020, Mr. Pelullo filed a motion to file a supplemental brief (Doc.302-1,303,305, 306 and 307) in light of intervening case law, specifically *United States v. Medley*, 972 F.3d 399 (4th Cir., Aug. 21, 2020), and two Third Circuit decisions, *United States v. Montgomery*, 442 F. Supp. 3d 875, 883 (W.D. Pa. 2020) and *United*

*States v. Malik Nasir*, Third Circuit Appeal No. 18-2888, which in turn relied upon *Rehaif v. United States*, 139 S. Ct. 2191 (2019). Mr. Pelullo argued that he is entitled to relief because the government failed to prove that he knew of his status as a felon prohibited from possessing a firearm. Over objection by the Government, on October 20, 2020, the Third Circuit granted Mr. Pelullo's request for leave to file a supplement brief. (See,Doc.309). On December 1, 2020, the Third Circuit issued an *en banc* decision in *Nasir*, *id.* at 2020 WL 7041357 (3d Cir. 2020), holding that the defendant in *Nasir* was entitled to a new trial based on: 1) Plain error review of a *Rehaif* knowledge-of-status claim is limited to only what the government offered in evidence at the trial, not evidence it now wishes it had offered; and 2) In light of the Supreme Court's decision in *Rehaif*, the Government's failure to prove defendant's knowledge of his status beyond a reasonable doubt compels the Circuit court to vacate a conviction under 18 U.S.C. §§ 922(g)(1) and a remand for a new trial on that charge and potentially, Count 1.

On March 4, 2021 (after the Government had already objected to Appellants' request for a 120-day extension to reply to Appellee's brief and advocated to the Third Circuit Court to limit Appellants' word count on the reply) the government provided all appellate counsel with belated information centering upon the criminal indictment of Robert O'Neal ("O'Neal") in the Western District of Texas. O'Neal was a key witness who testified in the within case for four days under a non-prosecution agreement. (App.C-2561-62) Even though the criminal investigation into O'Neal's fraudulent conduct occurred during the pendency of Pelullo's criminal trial, the Prosecution Team never disclosed this fact to Pelullo, thereby depriving him of exculpatory information in violation of *Brady* and *Giglio v. United* States, 405 U.S. 150 (1972). See also the numerous filings regard this important Brady issue. (Doc.344,345,346,347,348,349,350,354,356,and 357)

Based on the aforementioned filings, there are now two separate Merit Panels that are evaluating issues that may have a dispositive effect upon Pelullo's Appeal, and for which the Appellants are still awaiting decision. These antecedent issues (the *Rehaif* issue, which is subject to further Supreme Court intervention upon deciding *Greer v. United States* and *United States v. Gary*, on April 20, 2021, with a decision expected by the end of June and the O'Neal request for remand) should be determined before consideration of his direct appeal issues. The issue concerning Dr. O'Neal could result in a Remand which would pull Pelullo back to FDC Philadelphia anyway.

It is my position that Mr. Pelullo should remain in FDC Philadelphia until the Third Circuit Panel assigned to the *Rehaif/Nasir* issue and the O'Neal Remand

issue decides both matters. If a remand is ordered, Mr. Pelullo will already be here and will not need to be transported. If the motions are denied, then Pelullo can be shipped out immediately. Otherwise, if he is shipped now, he will be subject to weeks of quarantine from building to building as he travels from Philadelphia to Oklahoma to FCI Coleman Low in Florida and will be out of touch with the undersigned counsel when the aforementioned issues are decided.

Certainly Mr. Pelullo would rather be in sunny Florida in a Prison that allows movement outside then be holed up in FDC Philadelphia with no movement, however, he would like to do so after his appeal issues, that could potentially bring him right back to FDC Philadelphia, are decided. There is no prejudice to the Government at this juncture and his transport one time rather than several fosters judicial economy. Finally, I will be filing a similar motion regarding this issue in the Third Circuit this morning.

Wherefore, we respectfully request Your Honor Order Mr. Pelullo be held in FDC Philadelphia until June 31, 2021 to give sufficient time for the Third Circuit Court of Appeals to decide Pelullo's outstanding motions, *Rehaif/Nasir* and the O'Neal, "Brady" remand request.

Should you have any questions, please contact me directly. Thank you in advance for your anticipated attention and courtesies in this matter.

                                              Respectfully Submitted,

                                              /s/ Troy A. Archie, Esquire

cc: Norman Gross, AUSA
    Mark Coyne, AUSA, Chief, Appeals Division
    Jason Richardson, AUSA
    All Appellant Counsel (Scarfo and Maxwells)
    Salvatore Pelullo, 52619-066 FDC Philadelphia

## CERTIFICATE OF SERVICE

I, Troy A. Archie, Esq., hereby certify that on May 5, 2021, I caused a copy of the attached letter request to be served by PACER ECF and Electronic Mail upon:

Mark E. Coyne, AUSA
Chief, Appeals Division
Assistant United States Attorney
United States Attorney's Office
970 Broad Street, Room 502
Newark, NJ 07102-2535

Norman Gross, AUSA
Jason Richardson, AUSA
U. S. Attorney's Office
P.O. Box 2098
401 Market Street, 4th Floor
Camden NJ 08101-8000

MICHAEL RILEY, ESQ.
Executive Court
2 Eves Drive, Suite 109
Marlton, New Jersey 08053
Counsel for Appellant Scarfo

MARK CATANZARO, ESQ.
21 Grant Street
Mt. Holly, NJ 08060
Counsel for Appellant
John Maxwell

MICHAEL HUFF, ESQ.
1333 Race Street
Philadelphia, PA 19107
Counsel for Appellant W. Maxwell

/s/ Troy A. Archie
Troy A. Archie, Esquire
Counsel for Salvatore Pelullo